**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LIJUAN BIAN,<br><br>       Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>       Respondent. | No.   14-70444<br><br>Agency No. A087-719-592<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2017[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Lijuan Bian, a native and citizen of China, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on her application for relief from removal through asylum, withholding of removal, and the Convention Against Torture based on an adverse credibility determination. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

We review adverse credibility determinations under the substantial evidence standard and require that the Immigration Judge ("IJ") "state explicitly the factors supporting his or her adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). The substantial evidence standard of review "precludes relief absent a conclusion that no reasonable factfinder could have reached the agency's result." *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). An IJ must consider the totality of the circumstances when making a credibility determination, including demeanor, candor, responsiveness, inherent plausibility, consistency, inaccuracies, or falsehoods. 8 U.S.C. § 1158(b)(1)(B)(iii).

The BIA and IJ's decisions were based on a series of inconsistencies in Bian's testimony that suggested her conversion to Christianity was not legitimate. Bian's testimony was inconsistent in four material respects.

2

First, she lied to consular officers multiple times while trying to obtain a visa to the United States. On one occasion, she falsely told consular officers that she worked for an import/export company and that she was traveling to the United States on business. On another occasion she falsely told consular officers that she was traveling for sightseeing purposes. Both instances took place before Bian had converted to Christianity and was allegedly fleeing persecution in China, and thus were not justifiable as necessary lies for a refugee fleeing persecution.

Second, Bian's explanation for why she converted to Christianity was inconsistent. Bian testified that she converted because she was unhappy with her job and never promoted. But the supporting documentation Bian submitted indicated that she was promoted from the position of "Traditional Physician" to the position of "physician-in-charge" in 1994, and she held that position until she left her job in 2005. Bian argued on appeal that her conversion was the culmination of her resignation, financial problems, and depression, not just her dissatisfaction with not being promoted. But, "our review of an IJ's adverse credibility finding is significantly restricted." *Shrestha*, 590 F.3d at 1041 (internal citation omitted). Bian's assertion that her resignation from her employment combined with a general bad mood and bad health does not compel a contrary conclusion to the IJ's finding that her conversion to Christianity was not credible.

Third, Bian testified inconsistently regarding evidence of her arrest in China. Bian's fear that she will be persecuted if she is returned to China is largely grounded on her testimony that she was arrested, detained for a week, and beaten for practicing Christianity in an illegal church. The IJ stated that "the Court has no direct evidence that [Bian] was ever arrested or detained in China or ever reported to a local police station[,]" because Bian could not produce her bail receipt to the court. Bian testified that her husband refused to discuss the bail receipt with her because he wanted her to focus on her recovery. But she also testified that he threw the bail receipt away.

We have held that "[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha*, 590 F.3d at 1046-47. Here, the BIA put particular weight on Bian's inconsistencies in her testimony about the bail receipt because her arrest "formed the basis of her past persecution claim and the conditions attached to her release form the basis of her fear of future persecution." While Bian did produce some corroborating evidence of her arrest, it is not enough to compel a contrary conclusion to the agency's holding.

Fourth, the BIA and IJ focused on inconsistencies in Bian's testimony regarding where she was actually living during her time in China versus the

4

address listed on her official household registry. Bian testified that she could not relocate within China and would be found and persecuted if she returned to China because she must live where she was officially registered. But she did not live where she was officially registered for much of her time in China. Thus, the IJ correctly determined that "her belief that she cannot live elsewhere safely is undercut."

Given this court's deferential standard of review to agency credibility determinations and that Bian has not produced sufficient evidence to compel a contrary conclusion, we deny the petition.

**PETITION FOR REVIEW DENIED**